**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**
**(Filed Electronically)**

**CRIMINAL NO. 1:21-CR-13-GNS**
**UNITED STATES OF AMERICA,**                                  **PLAINTIFF,**

**vs.**

**MIRSAD RAMIC,**                                                                **DEFENDANT.**

### DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF JURISDICTION

Comes the defendant, by counsel, pursuant to the Due Process Clause of the Fifth Amendment and all other applicable law and authority, and moves the Court to dismiss the indictment herein on the grounds that the extraterritorial application of 18 U.S.C. §2339B to the alleged actions of defendant violates his procedural and substantive due process rights because there is an insufficient jurisdictional nexus between those actions and the interests of the United States. United States v. Davis, 905 F.2d 245, 248-249 (9th Cir. 1990).

### Facts

The government alleges that defendant traveled from the United States to Turkey on June 3, 2014; crossed from Turkey into Syria; joined the Islamic State in Iraq and the Levant (ISIL), a terrorist organization designated as such by the United States; and trained and fought with ISIL wholly within Syria until his return to Turkey in September 2015. There are no allegations of criminal conduct prior to entering Syria or subsequent to leaving it. It

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

is alleged that defendant and his alleged uncharged co-conspirators fought military forces of the Syrian regime—itself designated by the State Department as a "State Sponsor of Terrorism" which politically and militarily supports "various terrorist groups" actively attacking United States personnel and interests, e.g., Hizballah and Iran, whose Islamic Revolutionary Guard Corps are present and active in the country with the support of the Syrian regime[1]— and the PKK (Kurdistan Workers' Party), also designated by the Secretary of State as a foreign terrorist organization.[2] There are no allegations or discovery produced by the United States to suggest that while in Syria defendant ever took up arms or participated in any criminal, military, or terrorist acts against the United States, its citizens, military personnel, territory, or property. In short, the allegation is that defendant was a member of a designated terrorist organization who fought against other designated terrorist organizations wholly within Syria, itself designated a terrorist state.

## Argument

**There Is Insufficient Nexus Between Defendant's Alleged Conduct and the National Interest of the United States. Accordingly, the Extraterritorial Application of 18 U.S.C. §2339B in this Case Violates Procedural and Substantive Due Process.**

By and large, a state proscribes, prosecutes, and punishes crimes committed within its own borders.

---

[1] See Country Reports on Terrorism 2019, United States Department of State, found at *https://www.state.gov/reports/country-reports-on-terrorism-2019/syria/#:~:text=Designated%20in%201979%20as%20a,support%20to%20various%20terrorist%20groups* .

[2] See *https://www.state.gov/foreign-terrorist-organizations/* .

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Traditionally, American courts have held that "under American law, jurisdiction in criminal matters rests solely with the legislative and judicial branches of government of the state or country in which the crime is committed." Blakesley, *A Conceptual Framework for Extradition and Jurisdiction Over Extraterritorial Crime*, 1984 Utah L.Rev. 685, 689.

> [T]he general and almost universal rule is that the character of an act as lawful or unlawful must be determined wholly by the law of the country where the act is done. For another jurisdiction, if it should happen to lay hold of the actor, to treat him according to its own notions rather than those of the place where he did the acts, not only would be unjust, but would be an interference with the authority of another sovereign, contrary to the comity of nations, which the other state concerned justly might resent.

*American Banana Co. v. United Fruit Co.*, 213 U.S. 347, 356, 29 S.Ct. 511, 512, 53 L.Ed. 826 (1909) (citation omitted) (Holmes, J.).

United States v. Goldberg, 830 F.2d 459, 462 (3rd Circuit 1987). There are, of course, exceptions. In limited, specific cases, the Constitution grants Congress the power to apply the criminal law of the United States beyond its borders, e.g., to punish piracies and felonies committed on the high seas (U.S. Const. Art I, §8, cl. 10) or to regulate foreign commerce (U.S. Const. Art I, §8, cl. 3). However, this power is not unlimited. There must be some nexus between the United States and the circumstances of the offense. United States v. Baston, 818 F.3d 651, 669-70 (11th Cir. 2016)(internal citations omitted)("The Due Process Clause requires at least some minimal contact between a State and the regulated subject"); United States v. Rojas, 812 F.3d 382, 393 (5th Cir. 2016); United States v. Medjuck, 156 F.3d 916, 918 (9th Cir. 1998)("to satisfy the strictures of due process, the Government [must] demonstrate that there exists a sufficient nexus between the conduct condemned and the United States") (citing United States v. Davis, 905 F.2d 245, 248-49 (9th Cir. 1990)).

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

The Davis case is a prime example. In Davis, the defendant was prosecuted under the Maritime Drug Law Enforcement Act, 46 U.S.C. §§1903(a) and 1903(j), which criminalizes, *inter alia*, possession of marijuana on a vessel on the high seas with intent to distribute same in the United States. Davis was arrested outside the United States on the high seas in a vessel registered in Great Britain when, with permission of the British government pursuant to treaty, United States Coast Guard officials boarded it and found Davis to be in possession of over 7,000 pounds of marijuana. The Ninth Circuit found that the United States had extraterritorial jurisdiction over Davis' conduct even though the criminal act occurred wholly outside the United States.

> Only two restrictions exist on giving extraterritorial effect to Congress' directives. We require Congress make clear its intent to give extraterritorial effect to its statutes. *United States v. Pinto–Mejia*, 720 F.2d 248, 259 (2nd Cir.1983). And secondly, as a matter of constitutional law, we require that application of the statute to the acts in question not violate the due process clause of the fifth amendment. *Thomas*, at 1068.
>
> In this case, Congress explicitly stated that it intended the Maritime Drug Law Enforcement Act to apply extraterritorially. 46 U.S.C. app. § 1903(h) (Supp.IV 1986) ("This section is intended to reach acts of possession, manufacture, or distribution outside the territorial jurisdiction of the United States"). Therefore, the only issue we must consider is whether application of the Maritime Drug Law Enforcement Act to Davis' conduct would violate due process.
>
> In order to apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States, *see United States v. Peterson*, 812 F.2d 486, 493 (9th Cir.1987), so that such application would not be arbitrary or fundamentally unfair.
>
> In the instant case, a sufficient nexus exists so that the application of the Maritime Drug Law Enforcement Act to Davis' extraterritorial conduct does not violate the due process clause. "Where an attempted transaction is aimed

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

at causing criminal acts within the United States, there is a sufficient basis for the United States to exercise its jurisdiction." *Id*. The facts found by the district court in denying Davis' motion to dismiss for lack of jurisdiction support the reasonable conclusion that Davis intended to smuggle contraband into United States territory. . . .

United States v. Davis, 905 F.2d 245, 248-249 (9th Cir. 1990). Accordingly, in order for the United States to obtain jurisdiction over Mr. Ramic for his alleged conduct while in Syria, more is needed than the conclusory invocation of Congress' grant of extraterritoriality to 18 U.S.C. §2339B as set out in §2339B(d). <u>That alone is not enough</u>. To get over the additional constitutional jurisdictional hurdle to extraterritorial enforcement of the statute imposed by the Due Process Clause of the Fifth Amendment, more is needed. The government must show that a sufficient nexus exists between defendant's particular conduct in Syria and the national interest of the United States. Otherwise, there is no jurisdiction, regardless of the extraterritoriality grant of §2339B(d). In short, just parroting the magic words of §2339B(d) doesn't cut it. In <u>Davis</u>, this was easy. Even though Davis' actions were wholly outside the United States—as were defendant's—his intent was to smuggle 7,000 pounds of marijuana into the United States, and he was apprehended in the course of doing just that. What is Mr. Ramic accused of doing that adversely impacted the national interest of the United States in a similar fashion? In a word, nothing. He is accused of traveling to Syria, a terrorist state militarily and diplomatically opposed by the United States, and joining and training with a designated terrorist organization to fight against the forces of that terrorist state and other designated terrorist organizations opposed by the United States, all wholly within that country. Unlike <u>Davis</u>, where the defendant intended and attempted to smuggle drugs into

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

the United States, there is no allegation in this case that Mr. Ramic took up arms against the United States or its allies or committed, attempted, intended, or conspired to commit, any criminal, military, or terrorist act in the United States or against its citizens, military personnel, property, assets, or national interests elsewhere in the world. Indeed, fighting Syrian forces and the PKK actually aligned him with United States national interests.

There being no sufficient nexus between defendant's alleged conduct in Syria and the national interest of the United States, 18 U.S.C. §2339B cannot apply extraterritorially "consistently with due process" and and doing so would be "arbitrary or fundamentally unfair". United States v. Davis, supra.

/s/ Scott T. Wendelsdorf
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

**CERTIFICATE**

I hereby certify that on December 2, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Scott T. Wendelsdorf

Office of the Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6