UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00013-GNS-HBB

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

MIRSAD RAMIC                                                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Transfer Venue (DN 111). The motion is ripe for adjudication.

### I.   BACKGROUND

In 2021, Defendant Mirsad Ramic ("Ramic") was indicted for allegedly conspiring to provide and providing material support to the Islamic State of Iraq and al-Sham ("ISIS"), which has been designated as a foreign terrorist organization by Turkey and the United States, and receiving military-type training from ISIS, in violation of 18 U.S.C. §§ 2339B and 2339D. (Indictment 1-4, DN 7).

### II.   DISCUSSION

Ramic moves to transfer this matter to the U.S. District Court for the District of Minnesota due to pretrial publicity. (Def.'s Mot. Transfer Venue 1, DN 111). The United States opposes the motion. (Pl.'s Resp. Def.'s Mot. Transfer Venue 1, DN 114).

In relevant part, Fed. R. Crim. P. 21 provides that "[u]pon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot

1

obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a). "When the defendant moves for a venue change, 'the trial court must transfer the case if "the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."'" *United States v. Sypher*, 684 F.3d 622, 627 (6th Cir. 2012) (quoting *United States v. Jamieson*, 427 F.3d 394, 412 (6th Cir. 2005)). "A change in venue can be warranted by presumptive or actual prejudice." *United States v. Poulsen*, 655 F.3d 492, 506 (6th Cir. 2011) (citing *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007)).

Ramic asserts that there is presumptive prejudice warranting transfer. (Def.'s Mot. Transfer Venue 3). "Courts rarely find that presumptive prejudice exists. [The Sixth Circuit] [has] characterized presumptive prejudice as a 'circus-like atmosphere' that 'pervades both the courthouse and surrounding community.' Simple exposure of jurors to pretrial publicity 'does not presumptively establish that the defendant was denied a fair trial.'" *Poulsen*, 655 F.3d at 507 (internal citations omitted) (citation omitted); *see also id.* ("Poulsen must show presumptive . . . prejudice as a 'demonstrable reality' not merely as a 'matter of speculation.'" (quoting *Jamieson*, 427 F.3d at 412)).

In his motion, Ramic argues:

> The publicity in this case, defendant's demeaning treatment by the authorities, his demonization in the press, the exposing to the community of prejudicial evidence that may or may not be admitted at trial, and the government essentially trying its case in public all support defendant's contention that he has met the standard of "presumed prejudice" justifying a change of venue.

(Def.'s Mot. Transfer Venue 4). In support, he attached a printout of a LexisNexis search result reflecting 37 news stories about his case. (Def.'s Mot. Transfer Venue Ex., at 1-102, DN 111-1). While many of the stories are from the local Bowling Green newspaper, other stories are from national and international news sources.

The jury pool in the Bowling Green Division consists of 18 counties in southcentral Kentucky, and it is likely that many of members of the venire do not read the local Bowling Green newspaper or the other news sources cited by Ramic. *See* LR 3.1(b)(2). At this stage, assertions of prejudice are mere speculation, and the publication of the cited articles is not indicative of a circus-like atmosphere sufficient to support a finding of presumptive prejudice warranting the transfer of this case to a different District. Accordingly, this motion is denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue (DN 111) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 6, 2023

cc: counsel of record