UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00013-GNS-HBB

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

MIRSAD RAMIC                                               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Discovery Concerning Electronic Surveillance and Physical Search Conducted Pursuant to the Foreign Intelligence Surveillance Act of 1978 (DN 108).  The United States opposes the motion (DN 143).

Defendant Mirsad Ramic ("Ramic") was indicted for:  one count of knowingly providing material support to a foreign terrorist group, to wit, the Islamic State of Iraq and al-Sham ("ISIS"), knowing that ISIS has been designated as a foreign terrorist organization and that ISIS engages in, or has engaged in terrorist activity, in violation of 18 U.S.C. §§ 2339B(a)(1), (d)(1)(C), (E), and (F), and 3238; one count of conspiracy to provide material support to ISIS, in violation of 18 U.S.C. §§ 2339B(a)(1), (d)(1)(C), (E), and (F), and 3238; and one count of receiving military-type training from and on behalf of ISIS, in violation of 18 U.S.C. §§ 2339B(a)(1), (d)(1)(C), (E), and (F), and 3238.  (Indictment 1-4, DN 7).  In his motion, Ramic seeks discovery relating to:

> the specific manner in which the Foreign Intelligence Surveillance Act of 1978 (hereinafter referred to as "FISA") was used in his case, including, but not limited to, the government's applications to the Foreign Intelligence Surveillance Court (hereinafter referred to as "FISC") seeking authorization for the referenced electronic surveillance or physical search; the FISC's orders authorizing the referenced electronic surveillance or physical search; whether any referenced electronic surveillance intercepted any communications to or from Mr. Ramic;

1

whether any referenced physical search involved any search of his person or property; notice of all intercepted communications—whether to or from Mr. Ramic or to or from others—or items seized—whether from Mr. Ramic's person or property or the person or property of others—under FISA; all evidence obtained under FISA that the government intends to use at trial or that is material to Mr. Ramic's defense; all evidence derived from communications intercepted or property seized under FISA that the government intends to use at trial; and all records indicating how the referenced communications were intercepted and identified under FISA or were derived from communications collected under FISA.

(Def.'s Mot. Disc. 1-2, DN 108).  The United States opposes the production of any discovery obtained pursuant to the Foreign Intelligence Surveillance Act of 1978 ("FISA"), which include orders of the Foreign Intelligence Surveillance Court ("FISC").  (Pl.'s Resp. Def.'s Mot. Disc. 29-46, DN 143).

## I.   FINDINGS

FISA dictates the methods by which the United States may conduct electronic surveillance searches of a "foreign power"[1] or an "agent of a foreign power"[2] after a high-ranking official certifies that a "significant purpose"[3] for the search is to collect "foreign intelligence information."[4]  Before conducting surveillance or a physical search, the United States must submit an *ex parte* FISA application containing specific information, which has been approved by the Attorney General, to obtain an order from a FISC judge.  *See* 50 U.S.C. §§ 1804(a), 1823(a).  Such applications for electronic surveillance or physical searches must include a statement of proposed minimization procedures as outlined in 50 U.S.C. §§ 1801(h) and 1821(4), respectively.  *See* 50 U.S.C. §§ 1804(a)(4), 1823(a)(4).

---

[1] "Foreign power" is defined in 50 U.S.C. §§ 1801(a) and 1821(1).
[2] "Agent of a foreign power" is defined in 50 U.S.C. § 1801(b) and 1821(1).
[3] This requirement is imposed pursuant to 50 U.S.C. §§ 1804(a)(6)(B) and 1823(a)(6)(B).
[4] "Foreign intelligence information" is defined in 50 U.S.C. §§ 1801(e) and 1821(1).

In issuing an *ex parte* order authorizing surveillance or a search, the FISC judge must certain necessary findings. *See* 50 U.S.C. §§ 1805(a), 1824(a). In addition to these findings, a FISC order granting surveillance or a search must comply with FISA and include certain specifications and directions. *See* 50 U.S.C. §§ 1805(c), 1824(c).

After Ramic's motion became ripe, the Court reviewed his motion and the United States' response before conducting an *in camera* and *ex parte* review of the materials submitted by the United States. Based upon that review, the Court finds as follows:

1.     The President has authorized the U.S. Attorney General to approve applications to the FISC for electronic surveillance and for physical search for foreign intelligence information and purposes;

2.     Each FISA application was made by a federal officer and approved by the Attorney General as required by 50 U.S.C. §§ 1805(a)(1) and 1824(a)(1);

3.     Each FISA application contained facts establishing probable cause to believe that the target of the electronic surveillance, physical search, or both, was at the time an agent of a foreign power as required by 50 U.S.C. §§ 1801(b)(2), 1805(a)(2)(A), 1824(a)(2)(A);

4.     No United States person was determined to be an agent of a foreign power solely upon the basis of activities protected by the First Amendment to the U.S. Constitution in accordance with 50 U.S.C. §§ 1805(a)(2)(A) and 1824(a)(2)(A);

5.     Each FISA application made pursuant to 50 U.S.C. § 1804 contained facts establishing probable cause to believe that each of the facilities or places at which the electronic surveillance was directed was being used, or was about to be used, by a foreign power or an agent of a foreign power as required by 50 U.S.C. § 1805(a)(2)(B);

6.      Each FISA application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched was or was about to be owned, used, possessed by, or was in transit to or from, an agent of a foreign power or a foreign power as required by 50 U.S.C. § 1824(a)(2)(B);

7.      Each FISA application made pursuant to 50 U.S.C. § 1823 contained facts establishing probable cause to believe that the premises or property to be searched contained foreign intelligence information as required by 50 U.S.C. §§ 1823(a)(3)(B) and 1824(a)(4);

8.      The minimization procedures incorporated into the FISA application(s) and FISC order(s) met the requirements of 50 U.S.C. §§ 1801(h) or 1821(4)—as required by 50 U.S.C. §§ 1805(a)(3) and 1824(a)(3)—and the government implemented such minimization procedures in conformity with an order of authorization or approval;

9.      Each FISA application contained all of the statements and certifications required by 50 U.S.C. §§ 1804 or 1823 in accordance with 50 U.S.C. §§ 1805(a)(4) or 1824(a)(4);

10.     No certification in an application for a target who was at the time a United States person was clearly erroneous on the basis of the statement made pursuant to 50 U.S.C. §§ 1804(a)(6)(E) or 1823(a)(6)(E) or any other information furnished under 50 U.S.C. §§ 1804(c) or 1823(c), as required by 50 U.S.C. §§ 1805(a)(4) and 1824(a)(4);

11.     A "significant purpose" of the United States' collection pursuant to FISA was to collect foreign intelligence information in accordance with 50 U.S.C. §§ 1804(a)(6)(B) and 1823(a)(6)(B);

12.     Each FISC order satisfied the requirements of 50 U.S.C. §§ 1805(c) or 1824(c);

13.     Each FISC order also satisfied the requirements of 50 U.S.C. §§ 1805(d) or 1824(d);

14.     Ramic has made no preliminary or substantial showing of a false statement, nor of a false statement that was material, nor a statement that was made knowing or intending it was false or with reckless disregard for its truth, in the FISA application(s) that would entitle him to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  As there is no indication of any such false statements in the FISA application(s), a *Franks* hearing is not warranted in this matter;

15.     Disclosure to the defense of the FISA materials is not required because the Court was able to make an accurate determination of the legality of any electronic surveillance or physical search without disclosing the FISA materials or any portions thereof; and

16.     Due process does not otherwise require disclosure of the FISA materials.

## II.     DISCUSSION

Before any information derived from a FISA surveillance or search may be introduced in a subsequent criminal prosecution, the United States must provide notice to the district court and the party against whom the United States intends to introduce the evidence.  *See* 50 U.S.C. §§ 1806(b)-(c), 1825(c)-(d).  Upon receiving notice, that party may seek to suppress the evidence based on:  (i) the information being unlawfully obtained; (ii) the electronic surveillance or physical search failing to conform to any FISC order authorizing the surveillance or search.  *See* 50 U.S.C. §§ 1806(e), 1825(f).  The district court where the criminal action is pending has jurisdiction to hear the challenge to the legality of the surveillance or search, or whether surveillance or search failed to confirm with the FISC order.  *See* 50 U.S.C. §§ 1806(f), 1825(g).

As noted above, Ramic requested discovery of materials presented to FISC in his motion for discovery.  (Def.'s Mot. Disc. 1-2).  FISA expressly prohibits the disclosure of such material except as authorized in 50 U.S.C. §§ 1806(f)-(g) and 1825(g)-(h).

In support of its response opposing the motion, the United States filed a declaration of the Assistant United States Attorney General for National Security[5] stating that the disclosure of the requested materials or an adversarial hearing on Ramic's motion would be harmful to the national security of the United States.  (Olson Decl. ¶ 3, DN 143-2).  Because this affidavit was filed, FISA requires the Court to "review *in camera* and *ex parte* the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted."  50 U.S.C. §§ 1806(f), 1825(g).  In conducting the review, the Court may disclose the applications, orders, or other materials related to the surveillance or search to the aggrieved person but "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance [or the search]."  50 U.S.C. §§ 1806(f), 1825(g).  Such disclosures, however, are the exception rather than the rule under FISA. *See United States v. Belfield*, 692 F.2d 141, 147 (D.C. Cir. 1982) ("The language of section 1806(f) clearly anticipates that an *ex parte*, *in camera* determination is to be the rule.  Disclosure and an adversary hearing are the exception, occurring *only* when necessary.").

Based on the Court's *in camera* and *ex parte* review, Ramic's assistance is not necessary for the Court to make an accurate determination of the legality of any electronic surveillance or physical search at issue in this matter, so there is no legal or valid reason to disclose the FISA materials to him.  *See United States v. Damrah*, 412 F.3d 618, 624 (6th Cir. 2005) ("[A] defendant challenging a FISA application may be permitted to review the application and order when

---

[5] While Section 1806(f) uses the term "Attorney General", FISA defines that term as "the Attorney General of the United States (or Acting Attorney General), the Deputy Attorney General, or, upon the designation of the Attorney General, the Assistant Attorney General designated as the Assistant Attorney General for National Security" under 28 U.S.C. § 507A.  50 U.S.C. § 1801(g); *see also* 50 U.S.C. § 1821(1) (stating that the same definition of "Attorney General" applies to this subchapter).

disclosure is 'necessary to make an accurate determination of the legality of the surveillance.'" (quoting 50 U.S.C. § 1806(f))).  As a result of the Court's review, the Court finds that the FISA materials provide the information necessary to resolve Ramic's motion.  In addition, the Court finds that the United States has shown that it satisfied FISA's requirements for applying for and obtaining orders for electronic surveillance and physical searches, that the information obtained pursuant to FISA was lawfully acquired, and any electronic surveillance or physical search was done in accordance with the FISC order authorizing or approving any such surveillance or search.

The Court also reviewed the probable cause determinations.  While there is a circuit split, courts in the Sixth Circuit have applied the *de novo* standard in reviewing such determinations. *See Damrah*, 412 F.3d at 623-24; *United States v. Mohammad*, 339 F. Supp. 3d 724, 739 (N.D. Ohio 2018).  Applying that standard here, the reviewed materials reflect that each FISC order were properly supported by probable cause.  In addition, FISA's probable cause and particularity requirements comply with the Fourth Amendment to the U.S. Constitution, and courts have repeatedly rejected the assertion that FISA's "significant purpose" standards violates the Fourth Amendment. *See Damrah*, 412 F.3d at 625 ("FISA has uniformly been held to be consistent with the Fourth Amendment."); *Mohammad*, 339 F. Supp. 3d at 739.

In addition, any certification submitted in support of a FISA application was reviewed by this Court.  When the United States applies for a FISC order, the FISA application for electronic surveillance or a physical search must comply with the requirements of 50 U.S.C. §§ 1804 and 1823, respectively.  Such applications are subject to minimal scrutiny on review. *See Mohammad*, 339 F. Supp. 3d at 736 (citation omitted).  "When an application 'was properly made and earlier approved by a FISA judge, it carries a strong presumption of veracity and regularity in a reviewing court.'" *Id*. (citation omitted).  In addition, when the target of a FISA application is a United States

person, this Court must consider whether each certification is not clearly erroneous. *See United States v. Hendricks*, No. 1:16-CR-265, 2018 WL 1033272, at *4 (N.D. Ohio Feb. 22, 2018) (citing *United States v. Campa*, 529 F.3d 980, 994 (11th Cir. 2008); *United States v. Duggan*, 743 F.2d 39, 77 (2d Cir. 1984); *United States v. Kashmiri*, No. 09 CR 830-4, 2010 WL 4705159, at *2 (N.D. Ill. Nov. 10, 2010)). A certification is only clearly erroneous when the entire evidence leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 396 (1948). Based on this Court's review, the certifications were made in accordance with the requirements of FISA.

While Ramic does not seek a *Franks* hearing at this time, his motion seeks disclosure of FISA materials to permit the filing of a motion to suppress. (Def.'s Mot. Disc. 2-4). Under *Franks*, "the defendant [must make] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause" before being entitled to a hearing on a motion to suppress. *Franks*, 438 U.S. at 155-56. Ramic has not made a sufficient showing to entitle him to such hearing. In addition, the Court has independently reviewed the FISA materials, and there is no indication of any false statement within the FISA materials that would entitle him to a *Franks* hearing.

Ramic also raises a due process challenge relating to the FISA materials. (Def.'s Mot. Disc. 1-3). The Sixth Circuit has held that the *in camera* and *ex parte* review process provided for in FISA satisfies the requirements of due process. *See Damrah*, 412 F.3d at 624; *see also Mohammad*, 339 F. Supp. 3d at 738 ("Nor are ex parte proceedings inherently unconstitutional or otherwise unlawful, as Defendants seem to suggest. And as most pertinent here, the Sixth Circuit has already rejected an argument similar to Defendants', holding that 'FISA's requirement that the

district court conduct an ex parte, in camera review of FISA materials does not deprive a defendant of due process.'  Adhering to the Sixth Circuit's conclusion that FISA's ex parte and in camera procedures do not run afoul of constitutional due process requirements, I find that Defendants' argument lacks merit."  (internal citations omitted)).  In addition, based on the Court's review of the materials, due process (e.g., *Brady v. Maryland*, 373 U.S. 83 (1963)) does not mandate the disclosure of any information to Ramic pursuant to 50 U.S.C. §§ 1806(f) or 1825(g).

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Discovery Concerning Electronic Surveillance and Physical Search Conducted Pursuant to the Foreign Intelligence Surveillance Act of 1978 (DN 108) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 5, 2024

cc:    counsel of record

9