**FILED**

JAMES J. VILT, JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:21-CR-00013-GNS-HBB

JUN 11 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

MIRSAD RAMIC                                                DEFENDANT

## JURY INSTRUCTIONS

\* \* \* \* \* \* \* \* \*

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing. Then I will explain some rules that you must use in evaluating particular testimony and evidence. And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## I.      GENERAL RULES CONCERNING JURY DUTY

### A.      Juror's Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct

1

you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### B.      Presumption of Innocence, Burden of Proof, & Reasonable Doubt

As you know, the defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible

doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### C.   **Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### D.      Consideration of Evidence

You are to consider only the evidence in the case.  You should use your common sense in weighing the evidence.  Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences, unless otherwise instructed.  Any inferences you make must be reasonable and must be based on the evidence in the case.  The existence of an inference does not change or shift the burden of proof from the government to the defendant.

### E.      Direct and Circumstantial Evidence

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that

4

65

one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**F.**     **Credibility of Witnesses**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

1.      Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

2.      Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

3.      Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

4.      Ask yourself how the witness acted while testifying. Did the witness appear honest?  Or did the witness appear to be lying?

5.      Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

6.      Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

7.      And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

As I instructed you during the trial, the Court made the determination that some witnesses would be permitted to testify using pseudonyms rather their true names.  You should not consider the use of pseudonyms in evaluating the credibility of these witnesses.

### G.      Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

GS

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## II.  RULES OF LAW

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

### A.  Separate Consideration—Single Defendant Charged with Multiple Crimes

The defendant has been charged with three crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

GS

### B.     Summary of Charges

The defendant in this case, Mirsad Ramic, is formally charged in an Indictment.   As I instructed you at the outset of this case, the Indictment is a charge or accusation.   It is not evidence.

I will give you a copy of the Indictment to have in the jury room.

The Indictment contains a total of three counts.   In your deliberations and in reaching your verdict, you must consider each count separately.

I am now going to discuss each of the charges in the Indictment in more detail.

### C.     Count 1:  Providing Material Support or Resources to a Designated Foreign Terrorist Organization (18 U.S.C. § 2339B(a)(1))

Count 1 charges that from on or about June 2014 to September 2015, the defendant knowingly provided material support and resources to the Islamic State of Iraq and al-Sham, also known as ISIS.

For you to find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that the defendant knowingly provided material support or resources to a foreign terrorist organization, ISIS;

Second, that the defendant knew that ISIS (i) was a designated foreign terrorist organization, or (ii) had engaged in or engages in "terrorist activity", or (iii) had engaged in or engages in "terrorism"; and

Third, that one of the jurisdictional requirements, which I will explain shortly, is satisfied.

I will now instruct you as to the elements of providing of material support or resources to a foreign terrorist organization.

8

65

### 1.    *First Element – Material Support*

The first element of Count 1 that the government must prove beyond a reasonable doubt is that the defendant knowingly provided material support or resources to ISIS.

The term "material support or resources" is defined by the statute to include "any property . . . or service, including," "training, expert advice or assistance, explosives, personnel (1 or more individuals who may be or include oneself), and transportation." The term "material support or resources" does not include medicine or religious materials. The defendant does not need to have joined or become a member of the foreign terrorist organization in order to have provided material support or resources to the organization.

The words "weapons," and "explosives" have their ordinary meanings.

The word "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical, or other specialized knowledge.

A person provides material support or resources if he makes available, sends, or physically transfers the support or resources.

The word "personnel" refers to one or more people jointly engaged in a common undertaking. The word "personnel" includes the defendant himself. It can also include other people. A person provides "personnel," as that term is defined in the statute, if he provides the foreign terrorist organization with himself or one or more individuals to work under the direction or control of the foreign terrorist organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the organization's direction and control.

9

*65*

A person provides "services," as that term is defined in the statute, when a person performs work commanded or paid for by another or done for the benefit of a foreign terrorist organization—here, ISIS.  Only work performed in coordination with, at the direction of, or for the benefit of ISIS meets the definition of service.

If you find beyond a reasonable doubt that the defendant provided material support or resources, then this element is satisfied; however, as part of your finding, you must agree unanimously with respect to at least one of the forms of material support or resources that was provided.

### 2.    *Second Element - Knowledge*

The second element of Count 1 that the Government must prove beyond a reasonable doubt is that the defendant acted knowingly.

To prove that the defendant acted knowingly, the government must prove that he acted voluntarily, and not because of mistake or accident.

The government must also prove that the defendant had one or more of the following three types of knowledge:  (A) knowledge that ISIS had been designated by the Secretary of State as a foreign terrorist organization, or (B) knowledge that ISIS engaged in or engages in "terrorist activity," or (C) knowledge that ISIS engaged in or engages in "terrorism."

The term "terrorist activity" includes:

    a.     Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

    b.     Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

c.      A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

d.      Assassination;

e.      Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

f.      Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

g.      A threat, attempt, or conspiracy to do any of the foregoing.

The term "terrorism" means premediated, politically motivated violence perpetrated against non-combatant targets by sub-national groups or clandestine agents.

The government has satisfied its burden of proof with respect to this element if you conclude beyond a reasonable doubt that the defendant had knowledge that ISIS had been designated by the Secretary of State as a foreign terrorist organization or that ISIS engaged in or engages in terrorist activity of the type I have listed or that ISIS engaged in or engages in "terrorism" as I have defined that term.  To find that the government has met its burden on this element, you must unanimously agree as to at least one of the three categories of knowledge that the defendant had.

### 3.      *Third Element – Jurisdiction*

To satisfy the third element of Count 1, the government must prove beyond a reasonable doubt one of the following jurisdictional requirements:

a.      the defendant is a national of the United States;

11

   b.  after the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

   c.  the offense occurred in whole or in part within the United States; or

   d.  the offense occurred in or affects interstate or foreign commerce.

The term "interstate or foreign commerce" includes the movement of goods, services, money, and individuals between any combination of states, territories, or possessions of the United States, or between the United States and a foreign country. In demonstrating that an offense occurs in or affects interstate or foreign commerce, the government must prove that the offense could have a potential effect on interstate or foreign commerce in any way, no matter how minimal. It is not necessary to prove that the defendant's particular acts affected interstate or foreign commerce as long as the offense as a whole could have had such a potential effect. Finally, the government is not required to prove that the defendant knew that he was affecting or could potentially affect interstate or foreign commerce.

The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

To find that the government has met its burden on this element, you must unanimously agree that at least one of the jurisdictional requirements applies.

65

**D.**   **Count 2:   Conspiring to Provide Material Support or Resources to a Designated Foreign Terrorist Organization (18 U.S.C. § 2339B(a)(1))**

Count 2 charges that from on or about June 2014 to September 2015, the defendant knowingly participated in a conspiracy to provide material support and resources to ISIS.

Let me say a few words about the crime of conspiracy. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. A conspiracy does not need to include more than two people, but it must include at least two, and it can include a number greater or even much greater than two.

Here, the conspiracy charged in Count 2 relates to providing material support or resources to ISIS. This charged conspiracy is a separate crime—that is, a distinct crime—from the actual commission of the crime of providing material support or resources to ISIS as charged in Count 1. We call the actual commission of the crime, as charged in Count 1, the "substantive" crime.

With respect to Count 2, you may find the defendant guilty of the crime of conspiracy to provide material support or resources to ISIS, even if the so-called "substantive" crime—providing material support or resources to ISIS—was not actually committed or accomplished.

Again, a conspiracy, standing alone, is a separate crime, even if the conspiracy is not successful.

To satisfy its burden of proof with respect to the conspiracy charge in Count 2, the government must establish the following elements beyond a reasonable doubt:

First, that the conspiracy charged in Count 2 actually existed—that is, that there was in fact an unlawful agreement between two or more people to provide material support or resources to a foreign terrorist organization—namely, ISIS;

Second, that the defendant knowingly and voluntarily joined the conspiracy—that is, that he knowingly and voluntarily joined with at least one other person in the agreement to provide material support or resources to ISIS;

Third, that the defendant participated in the conspiracy with knowledge that ISIS (i) was a designated foreign terrorist organization, or (ii) had engaged in or engages in "terrorist activity," or (iii) had engaged in or engages in "terrorism"; and

Fourth, that one of the jurisdictional requirements, as I have explained them with respect to Count 1, is satisfied.

### 1.    *First Element—Existence of the Conspiracy*

The first element of Count 2 that the government must prove beyond a reasonable doubt is the existence of the conspiracy, in other words, that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan, which is referred to as the "object" of the conspiracy.  The object of a conspiracy is the illegal goal that the conspirators agree on or hope to achieve.  Whether the conspirators are in fact successful in achieving that goal is not relevant in your determination as to whether a conspiracy existed.  Here, the object of the conspiracy charged in Count 2 was to provide material support or resources to ISIS, which is a crime that has the elements that I described to you in connection with Count 1.

Now, to show a conspiracy existed, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left unsaid; that is, to an unexpressed understanding between the coconspirators.  It is rare that a conspiracy can be

proven by direct evidence of an explicit agreement.  From its very nature, a conspiracy is almost always characterized by secrecy and concealment.  It is sufficient if two or more people, in any manner, whether they say so directly or not, come to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough.  You can consider these things in deciding whether the government has proved a criminal agreement.  But without more they are not enough.

In determining whether there has been an unlawful agreement as alleged, you may consider the acts and the conduct of the alleged conspirators that were done to carry out the apparent criminal purpose.  The old saying "actions speak louder than words" applies here.  When taken all together and considered as a whole, those acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

Therefore, you must first determine whether the government has established beyond a reasonable doubt the existence of the conspiracy as charged in Count 2 of the Indictment.  In considering this first element of Count 2, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged conspirator in furtherance of the conspiracy, and such inferences as may be reasonably drawn from them.  It is sufficient to establish the existence of the conspiracy, as I have already said, if the government proves that the minds of at least two alleged conspirators met, that they reached an understanding, to accomplish the illegal objective—or object—of the conspiracy.

### 2.    *Second Element—Membership in the Conspiracy*

The second element of Count 2 that the government must prove beyond a reasonable doubt is that the defendant knowingly joined the conspiracy.

I explained the term "knowingly" when discussing the second element of Count 1, and you should apply the same definition when you consider this element of Count 2.

Knowledge is something to be inferred from the proven facts. We do not yet have any way of looking into somebody's mind and knowing what the person is thinking. However, you have before you evidence of certain acts that are alleged to have been taken by the defendant or that took place in his presence.

It is not necessary that the defendant be fully informed as to all the details of an alleged conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy. He need not have known all of its activities. It is not even necessary that the defendant know or be acquainted with all of the participants in the conspiracy. In fact, the defendant may know only one other member of a conspiracy and still be a conspirator.

The duration and the extent of the defendant's participation in a conspiracy has no bearing on the issue of guilt. The defendant need not have joined a conspiracy at the outset. The defendant may have joined it for any purpose at any time in its progress, and the defendant still will be held responsible for everything that was done before he joined and everything that is done while the conspiracy continues to exist unless and until he affirmatively quits the conspiracy.

Every participant in the conspiracy may perform separate and distinct acts. They may perform them at different times. Some conspirators play major roles. Other conspirators play minor roles. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

I do want to caution you, however, that the mere association by one person with another person does not make that person a member of a conspiracy, even when coupled with knowledge

16

that a conspiracy is under way.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not enough to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant participate in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, you must decide that, with an understanding of the unlawful character of the conspiracy, the defendant intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  If you make this determination, the defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

### 3.      *Third Element – Knowledge of ISIS's Activities*

The third element of Count 2 that the government must prove beyond a reasonable doubt is that the defendant joined the conspiracy to provide material support or resources to ISIS with knowledge that ISIS (i) was a designated terrorist organization, or (ii) had engaged in or engages in "terrorist activity," or (iii) had engaged in or engages in "terrorism."  I defined these terms and concepts for you in connection with the third element of Count 1, and you should apply those same definitions here.

17

4.     *Fourth Element – Jurisdiction*

To satisfy the fourth element of Count 2, the government must prove beyond a reasonable doubt one of the following jurisdictional requirements:

a.     the defendant is a national of the United States;

b.     after the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

c.     the offense occurred in whole or in part within the United States; or

d.     the offense occurred in or affects interstate or foreign commerce.

The terms and concepts I previously explained to you, such as the definition of "interstate or foreign commerce," in connection with instructing you as to the fourth element of Count 1, are equally applicable here.

E.     **Count 3:   Receiving Military-Type Training from a Foreign Terrorist Organization (18 U.S.C. § 2339D(a))**

Count 3 charges that from on or about June 2014 to September 2015, the defendant knowingly received military-type training from ISIS.  In order to sustain its burden of proof with respect to Count 3, the government must prove beyond a reasonable doubt:

First, that the defendant received military-type training from a foreign terrorist organization—that is ISIS;

Second, that the defendant knew that the military-type training was provided by, or on behalf of, ISIS;

Third, that the defendant did so with knowledge that ISIS (i) was a designated foreign terrorist organization, or (ii) had engaged in or engages in "terrorist activity," or (iii) had engaged in or engages in "terrorism"; and

18

Fourth, that one of the jurisdictional requirements I described in connection with Counts 1 and 2 is satisfied.

### 1.    *First Element—Military-Type Training*

The first element of Count 3 that the government must prove beyond a reasonable doubt is that the defendant received military-type training from ISIS.

The term "military-type training" includes training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm or other weapon, including any weapon of mass destruction.  The defendant "received" military-type training if he was provided, given, or otherwise obtained such training.

The term "bodily injury" means any cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.  The term "serious bodily injury" means a bodily injury that involves one or more of the following features: a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the functions of a bodily member, organ or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health or safety including both regional and national infrastructure.  Critical infrastructure may be publicly or privately owned.  Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and airports).

$6^5$

The term "weapon of mass destruction" includes (A) any explosive or incendiary bomb, grenade, or rocket having a propellant charge of more than four ounces, and (B) any combination of parts either designed or intended for use in converting a device into a weapon of mass destruction. The term "weapon of mass destruction" does not include any device which is neither designed nor redesigned for use as a weapon.

### 2.    *Second Element—Knowledge*

The second element of Count 3 that the Government must prove beyond a reasonable doubt is that – when the defendant received military-type training from ISIS, he did so knowingly. I instructed you on the term "knowingly" in connection with Count 1, and the same definition applies here.

### 3.    *Third Element—Knowledge of ISIS's Status*

The third element of Count 3 that the Government must prove beyond a reasonable doubt is that the defendant received military-type training from ISIS with knowledge that ISIS (i) was a designated foreign terrorist organization, or (ii) had engaged in or engages in "terrorist activity," or (iii) had engaged in or engages in "terrorism." I defined these terms and concepts for you in connection with the third element of Count 1, and you should apply those same definitions here.

### 4.    *Fourth Element—Jurisdictional Requirement*

To satisfy the fourth element of Count 3, the government must prove beyond a reasonable doubt one of the following jurisdictional requirements:

a.    the defendant is a national of the United States;

b.    after the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

c.    the offense occurred in whole or in part within the United States; or

20

GS

d.       the offense occurred in or affects interstate or foreign commerce.

The terms and concepts I previously explained to you, such as the definition of "interstate or foreign commerce," in connection with instructing you as to the fourth element of Count 1, are equally applicable here.

**F.     Translations**

Documents and videos containing Arabic and Bosnian have been admitted into evidence. These other languages were translated into English, and it is the English translation that you are to consider. You must accept the English translation without regard to any understanding you might have of the Arabic or Bosnian language. It is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.

**G.     Deposition Testimony**

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter and a videographer were present and recorded the testimony. The questions and answers were shown to you via video presentation. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way, as if the witness had been present and had testified from the witness stand in court.

### H.   On or About

Next, I want to say a word about the time period mentioned in the Indictment.

The Indictment charges that the crimes happened "on or about" June 2014 to September 2015. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

### I.   Inferring Required Mental State

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### J.   Unindicted, Unnamed, or Separately Tried Co-Conspirators

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An Indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

22

**K.**     **Venue**

There is a requirement of venue also having to do with the ability and competence and authority of a Court to act and hear a case involving a particular defendant.  With respect to Counts 1 through 3, Congress has determined that acts begun or committed outside of the territorial jurisdiction of the United States are chargeable under the statutes pertaining to Counts 1 through 3.  So, with respect to the Counts 1 through 3, the crimes can be proved whether or not any particular act occurred in the Western District of Kentucky.  It is enough if you find that the location where the defendant was first arrested or brought in the United States was in the Western District of Kentucky which includes Louisville and Bowling Green.  So, if he was arrested or first brought here, that is enough.

Now, some of the events that you have heard about happened in other places.  With respect to Count 2, there is no requirement that the entire conspiracy take place here in Western District of Kentucky.  But for you to return a guilty verdict on the conspiracy charge, the government must convince you that either the agreement or one of the acts in furtherance of the conspiracy took place here in the Western District of Kentucky.

On this issue of venue and this issue alone, the government may prove venue by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that part of the conspiracy took place here.

Remember that all the other elements I have described must be proved beyond a reasonable doubt.

### III.   RULES APPLICABLE TO TESTIMONY AND EVIDENCE

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

### A.   Defendant's Election Not to Testify

A defendant has an absolute right not to testify.  The fact that he did not testify cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

### B.   Opinion Testimony

You have heard the testimony of Dr. Lorenzo Vidino, who testified as an opinion witness.

You do not have to accept Dr. Vidino's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### C.   Impeachment of a Witness Other Than Defendant by Prior Conviction

You have heard the testimony of individuals who testified under the pseudonyms of Mohammad Das and Ahmed Delic.  You have also heard that before this trial each of them was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable the testimony of each of these witnesses was.  Do not use it for any other purpose. It is not evidence of anything else.

24

**D.    Testimony of a Paid Informant**

You have heard the testimony two witnesses who testified under the pseudonyms of Omar Ali and Jenna Torres.   You have also heard that these witnesses received money from the government in exchange for providing information.

The use of paid informants is common and permissible.  But you should consider testimony of a paid informant with more caution than the testimony of other witnesses.   Consider whether his or her testimony may have been influenced by what the government gave him or her.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

**E.    Testimony of a Witness Under Grant of Immunity or Reduced Criminal Liability**

You have heard the testimony of a witness who testified under the pseudonym of Mohammad Das.  You have also heard that the government has previously promised him a reduced sentence and to not pursue additional criminal charges against him in exchange for his cooperation.

It is permissible for the government to make such a promise.  But you should consider Mohammad Das's testimony with more caution than the testimony of other witnesses.  Consider whether his testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

**F.    Testimony of an Accomplice**

You have heard the testimony of individuals who testified under the pseudonyms Mohammad Das and Ahmed Delic.  You have also heard that they were involved in a crime.  You should consider the testimony of Mohammad Das and Ahmed Delic with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that these witnesses have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

**G.      Identification Testimony**

You have heard the testimony of two witnesses who testified under the pseudonyms of Mohammed Das and Ahmed Delic, who have identified the defendant as a person who they recognized in photos, and who they observed and interacted with while they were in Syria.  You should carefully consider whether each of these identifications was accurate and reliable.

In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time.  For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

You should also consider the circumstances of the earlier identification that occurred outside of court.  For example, consider how that earlier identification was conducted, and how much time passed after the alleged crimes before the identification was made.

You may take into account any occasion in which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with his identification at trial.

Consider all these things carefully in determining whether the identification was accurate and reliable.

Remember that the government has the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crimes charged.

**H.**     **Summaries and Other Materials Admitted in Evidence**

During the trial you have seen or heard summary evidence in the form of exhibits containing emails and other digital information.  These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

But the summaries themselves are not evidence of the material they summarize, and are only as valid and reliable as the underlying material they summarize.

**I.**     **Other Acts of Defendant**

You have heard testimony that the defendant committed acts other than the ones charged in the Indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the background of the charges against the defendant.  You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the three crimes charged in the Indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the Indictment beyond a reasonable doubt.

**J.**     **Judicial Notice**

The Court has determined that the Islamic State of Iraq and al-Sham or ISIS (including its aliases the Islamic State of Iraq and the Levant, the Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, AlFurqan Establishment for Media Production, Islamic State, and ISIL) and the Kurdistan Workers Party (including its alias of PKK) have been designated as foreign terrorist organizations by the U.S. Secretary of State, even though no evidence was presented on these points.  You are requested to accept the fact that ISIS and PKK are foreign terrorist organizations.

**K.**   <u>Stipulations</u>

The government and the defendant have agreed, or stipulated, to only the authenticity of the Arabic to English translations of certain exhibits or any sub-exhibits.  Therefore, you must accept the following Arabic to English translations as authentic:

- Government Exhibit 10:  Translation of Arabic ISIS General Directorate for Borders form for "Mirsad Ramish"

- Government Exhibit 11:  Translation of Arabic ISIS General Directorate for Borders form for "Abu Jahim Islami."

- Government Exhibit 12:  Arabic ISIS General Directorate for Borders form for "Abdulah Bin Mohammad/Abu Haabuishma"

- Government Exhibit 49:  1/28/12 Ramie Islamic University of Almadinah Acceptance Notice, letter, and envelope

- Government Exhibit 50:  Emails co-conspirator accounts redacted (181 pages)

- Government Exhibit 51:  Emails abuhazime@hotmail.com and abuhazimi@hotmail.com with photographs (121 pages)

- Government Exhibit 52:  Emails Abuhazime@hotmail.com (102 pages)

- Government Exhibit 53:  Emails Donkbalaf@hotmail.com (207 pages)

- Government Exhibit 54:  Emails Noooz_one@hotmail.com (160 pages)

- Government Exhibit 57A:  Translated public search return for Twitter username @abuhazimi

- Government Exhibit 58A:  Translated public search return for Twitter username @abubazime

- Government Exhibit 69:  Digital Device Presentation

## IV.    JURY DELIBERATIONS

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the court security officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the court security officer. The court security officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

You will be given these instructions, the Indictment, and all of the exhibits introduced into evidence to take into the jury room with you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

### A.    Experiments, Research, Investigation, and Outside Communications

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the

Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, Twitter (now known as X), Instagram, WhatsApp, Snapchat, or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you have heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**   **Unanimous Verdict**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

### C.    Duty to Deliberate

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

### D.    Punishment

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.  Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

### E.    Verdict Form

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

### F.    Court Has No Opinion

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

### G.    Juror Notes

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

65